## Western Bank Note & Engraving Company, Appellee, v. John Meredith, Appellant.

## Gen. No. 5534.

APPEALS AND ERRORS—*when finding of court not disturbed.* A finding by the court will not be set aside on review unless clearly and manifestly against the weight of the evidence.

Assumpsit.    Appeal from the Circuit Court of Kane county; the HON. DUANE J. CARNES, Judge, presiding.    Heard in this court at the April term, 1911.    Affirmed.    Opinion filed October 13, 1911.

HOOVER, HARTSBURG & AMELL, for appellant.

ALSCHULER, PUTNAM & JAMES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

S. W. Jacobs and John Meredith were partners as Jacobs & Meredith, and they afterwards changed the name of the firm to John Meredith & Company. They had a contract to build a certain railroad for the Illinois & Fox River Central Railroad Company and were to be paid in part by bonds of said company. During

said partnership Jacobs gave to the Western Bank Note & Engraving Company a written order to prepare one thousand lithographed bonds of said railroad company, for which it was to be paid $295, which order was signed "John Meredith & Company, purchaser, by S. W. Jacobs." The engraving company prepared and delivered the bonds and has never received the $295 therefor. Afterwards the firm of John Meredith & Company dissolved and Meredith agreed to pay the debts of the firm. Thereafter the engraving company brought this suit against Meredith to recover the agreed price for engraving and printing said bonds. A jury was waived, the proofs were heard, and plaintiff had a finding and a judgment against defendant for $295, from which defendant below appeals.

The court refused three propositions of law, requested by appellant, to the effect that, under the law as applied to the facts, the finding should be for the defendant, and the judgment should be for the defendant, and that Jacobs had no authority to sign the name of John Meredith & Company. Undoubtedly Jacobs did have authority to sign the name of the firm in and about the business of the firm. The material contention of appellant is that the preparation of these bonds was a part of the business of the railroad company and not of John Meredith & Company, and therefore Meredith could not bind the firm to pay for them. Jacobs and Meredith were each directors of the railroad company, and the various contracts and papers in evidence show a very close relation between these two men and the railroad company. We do not need to determine whether the preparation of these bonds was properly an expense of the firm, for there is positive proof that, after this order was given and the bonds were delivered, Meredith recognized the liability of the firm to pay for them, and that, upon the dissolution, he positively promised Jacobs that he would pay this bill. Meredith denies that he made this promise, and

that raised a question of fact to be decided by the trial judge. He saw the witnesses and heard their testimony, and the record presents no basis upon which we can question his decision upon this evidence.

The judgment is therefore affirmed.

*Affirmed.*